**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 07-617 T**
**(Judge Lawrence M. Baskir)**

---

**MCDONNELL DOUGLAS CORPORATION**

**Plaintiff,**

**v.**

**THE UNITED STATES**

**Defendant.**

---

**ANSWER**

---

Defendant, the United States, through its attorneys hereby answers the complaint of plaintiff, McDonnell Douglas Corporation ("McDonnell Douglas"). Defendant respectfully denies each and every allegation contained therein that is not expressly admitted below. Defendant further responds to each separate paragraph of the complaint as follows:

1. Admits that plaintiff is McDonnell Douglas, that its Employer Identification Number is 43-0400674, and that it has an address at 100 North Riverside, Chicago, Illinois 60606.

2. Admits that defendant is the United States of America.

3. Avers that paragraph 3 consists of plaintiff's generalized description of "the nature of" its claim to which no response is required. Defendant further states that Internal Revenue Code §§ 6611 and 6621(d), and Revenue Procedures 99-43 and 2000-26, speak for

themselves; states that to the extent the allegations contained in paragraph 3 constitute legal conclusions or argument, they require no response; and states that, to the extent the allegations contained in paragraph 3 constitute factual assertions, it currently lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Defendant admits that jurisdiction, if it exists, is by virtue of 28 U.S.C. § 1491.

4. States that Internal Revenue Code §§ 6621(d) and 3301(c)(2), and Revenue Procedures 99-46 and 2000-26 speak for themselves and require no response from defendant, and states that to the extent that the remaining allegations contained in paragraph 4 constitute legal conclusions or argument, they require no response.

5. Avers that plaintiff filed a Form 843 with the Internal Revenue Service that was dated July 23, 2007 with respect to its 1985, 1987, 1988, 1989 and 1991 tax years, and states that to the extent that the remaining allegations contained in paragraph 5 constitute legal conclusions or argument, they require no response.

6. Admits that as of the date plaintiff filed its complaint the Commissioner of Internal Revenue had not allowed or paid plaintiff's underlying claim that was dated July 23, 2007.

7. Avers that plaintiff was assessed deficiency interest for the 1985 tax year in the amount of $77,217,387.24, against which $34,935,180.40 and $17,561,491.42 were abated (which amounts total $24,720,715.42), and that plaintiff received overpayment interest for the 1985 tax year in the amounts of $61,519,149 and $2,561,993.52 (which amounts total $64,081,142.52). Defendant currently lacks knowledge or information sufficient to form a belief as to the transaction dates alleged in paragraph 7 of the complaint. Defendant states that to the

extent that the remaining allegations contained in paragraph 7 constitute legal conclusions or argument, they require no response.

8. Avers that plaintiff was assessed deficiency interest for the 1987 tax year in the amounts of $71,505.61, $12,207,344.37, and $10,400.09, against which $16,686.66 was abated (which amounts total $12,273,751.32), and that plaintiff received overpayment interest for the 1987 tax year in the amounts of $29,354,173.34, and $110.08 (which amounts total $29,354,283.42). Defendant currently lacks knowledge or information sufficient to form a belief as to the transaction dates alleged in paragraph 8 of the complaint. Defendant states that to the extent that the remaining allegations contained in paragraph 8 constitute legal conclusions or argument, they require no response.

9. Avers that plaintiff was assessed deficiency interest for the 1988 tax year in the amount of $29,841,859.16, and that plaintiff received overpayment interest for the 1988 tax year in the amounts of $20,546,985.05 and $167,792.81 (which amounts total $20,714,777.86). Defendant currently lacks knowledge or information sufficient to form a belief as to the transaction dates alleged in paragraph 9 of the complaint. Defendant states that to the extent that the remaining allegations contained in paragraph 9 constitute legal conclusions or argument, they require no response.

10. Avers that plaintiff was assessed deficiency interest for the 1989 tax year in the amounts of $47,357.78, $8,829.89, $8,723.79, $8,178.19, $9,606.68, and $139,301.64, against which $8,753.95 was abated (which amounts total $213,274.18), and that plaintiff received overpayment interest for the 1989 tax year in the amount of $6,088,403.25. Defendant currently lacks knowledge or information sufficient to form a belief as to the transaction dates alleged in paragraph 10 of the complaint. Defendant states that to the extent that the remaining

allegations contained in paragraph 10 constitute legal conclusions or argument, they require no response.

11. Avers that plaintiff was assessed deficiency interest for the 1991 tax year in the amounts of $2,397.58, $22,618,904.71, and $286,707.84, against which $922.34, $3.85, and $5,552,979.47 were abated (which amounts total $17,354,104.47), and that plaintiff received overpayment interest for the 1991 tax year in the amount of $9,425,480.05. Defendant currently lacks knowledge or information sufficient to form a belief as to the transaction dates alleged in paragraph 11 of the complaint. Defendant states that to the extent that the remaining allegations contained in paragraph 11 constitute legal conclusions or argument, they require no response.

12. Avers that the aggregate deficiency interest assessed against plaintiff for the 1985, 1987, 1988, 1989 and 1991 tax years was $84,403,704.55, and that the aggregate overpayment interest paid to plaintiff for the 1985, 1987, 1988, 1989 and 1991 tax years was $129,664,087.10. Defendant states that to the extent that the remaining allegations contained in paragraph 12 constitute legal conclusions or argument, they require no response.

13. States that Revenue Procedure 99-43 speaks for itself and requires no response from defendant, and states that to the extent that the remaining allegations contained in paragraph 13 constitute legal conclusions or argument, they require no response.

14. States that 28 U.S.C. § 2401 speaks for itself and requires no response from defendant, and states that to the extent that the remaining allegations contained in paragraph 14 constitute legal conclusions or argument, they require no response.

15. States that to the extent that the allegations contained in paragraph 15 constitute legal conclusions or argument, they require no response.

Respectfully submitted,

February 15, 2008

s/ Jeffrey R. Malo

JEFFREY R. MALO
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 305-7539*
*Fax: (202) 514-9440*
*Email: jeffrey.r.malo@usdoj.gov*

NATHAN J. HOCHMAN
*Assistant Attorney General*
DAVID D. GUSTAFSON
*Chief, Court of Federal Claims Section*
W. C. RAPP
*Senior Trial Attorney, Court of Federal Claims Section*

February 15, 2008

s/ W.C. Rapp
Of Counsel